IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH W. HIGGINS, | |
| Petitioner, | 8:17CV104 |
| vs. | |
| DOUGLAS COUNTY DISTRICT COURT, and LINCOLN REGIONAL CENTER, | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter is before the court on initial review of Petitioner Joseph W. Higgins' ("Higgins") Petition for Writ of Habeas Corpus ("petition") filed pursuant to 28 U.S.C. § 2241. (Filing No. 1.) For the reasons discussed below, the court will dismiss Higgins' petition without prejudice.

## I. BACKGROUND

Higgins is a state pretrial detainee confined at the Lincoln Regional Center.[1] Higgins is apparently charged with crimes in two separate cases in Douglas County, Nebraska. Condensed and summarized, Higgins alleges that the Informations in those cases are defective on various grounds. Higgins seeks immediate release from pretrial custody. (Filing No. 1.)

---

[1] Apparently, Higgins is being held at the Lincoln Regional Center because his public defender has requested a competency evaluation of him. *See* Filing No. 5, *Higgins v. Burns, et al.*, 8:17CV107 (D. Neb. March 29, 2017).

## II.  DISCUSSION

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "In *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Higgins is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Higgins may raise any issue with regard to the alleged defective Informations in state court prior to trial. *See* Neb. Rev. Stat. § 29-1808 (West) ("A motion to quash may be made in all cases when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged."). The court further finds that Higgins' assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Braden*, *supra* (speedy trial rights); *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (double jeopardy). Because it "plainly appears from the petition . . . that [Higgins] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the court will dismiss Higgins' petition without prejudice.

## III. CERTIFICATE OF APPEALABILITY

Although Higgins petitioned for relief under 28 U.S.C. § 2241, as a state prisoner he is subject to the provisions governing 28 U.S.C. § 2254 and therefore must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined that Higgins is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. This case is dismissed without prejudice.

2. The court will enter judgment by separate document.

Dated this 5th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge